**Sue OWNBEY, Betty Hennessey and Pam Shank, Plaintiffs/Appellants,**

v.

**CIRCUIT COURT BUDGET COMMITTEE, Defendant/Respondent.**

**No. WD 43596.**

Missouri Court of Appeals, Western District.

May 7, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1991.

Application to Transfer Denied Sept. 10, 1991.

Burton W. Newman, Daniel P. Card II, St. Louis, for plaintiffs/appellants.

William L. Webster, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

Before TURNAGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This case spirals out of the voters' amendments to Article V of our Constitution, effective January 2, 1979, which established a unified court system for each judicial circuit. This opinion seeks to avoid dredging up any more than is necessary of the long and contentious background of the unification in the Twenty–First Judicial Circuit (St. Louis County). Appellants here are the Chief Division Clerks for three associate judges in St. Louis County. They asked for declaratory and other relief against the respondent, the Circuit Court Budget Committee (CCBC) which is an agency created by Administrative Rule 7 of the Supreme Court of Missouri. The CCBC is empowered to administer the personnel system, including salary ranges and classifications within the circuit court.

Section 483.245.6, RSMo 1986 in pertinent part reads:

> The salaries of deputy circuit clerks and division clerks shall be established by the circuit clerk in the case of deputy circuit clerks, or the judge appointing the division clerk in the case of division clerks, within salary ranges and classifications which may from time to time be established by administrative rule of the supreme court within the limit of funds appropriated for this purpose.

In October 1985, the Twenty–First Circuit adopted a local rule giving the circuit clerk supervisory control over all other

clerks. The Circuit's judges adopted a plan for central control over docketing and assignment of all cases in the circuit, "and to transfer all clerical employees of the associate divisions, with the exception of one clerk for each judge, to the control clerk's office." *In re Voorhees*, 739 S.W.2d 178, 181 (Mo. banc 1987). Some of the associates "strongly opposed" the plan and "were dissatisfied with some of the clerical promotions." *Id.*

In the reorganization, the Chief Division Clerks (Clerk V) of three associate divisions involved in this appeal were temporarily promoted to "acting unit managers" (Unit Manager I). These were additional Unit Manager I positions. The circuit clerk informed the affected judges to each select another Chief Division Clerk to serve during the temporary absence of the recently promoted former Chief Division Clerks. The Circuit Clerk informed the judges that future reassignments would be made "on a temporary basis" and that the judges could have "another clerk assigned to your division as you select, if you have a preference." The three judges informed the circuit clerk that they had selected the plaintiffs, who were and still are in a Clerk III status, to fill the newly vacant Clerk V positions.

At the heart of this suit is the judges' attempt to promote the three plaintiffs from Clerk III to Clerk V (Chief Division Clerk). The circuit clerk acknowledged the selection of the three plaintiffs. This suit evolved after a blizzard of memos, letters, grievances, and a federal Equal Pay Act suit (later dropped). This suit alleges there were vacancies created in the three Clerk V position, and the associate circuit judges were authorized by statute to appoint or reclassify the three Clerk III plaintiffs to be Chief Division Clerks (V). The CCBC contended, and the trial court agreed, that the only way an employee could be promoted was to be reclassified. The CCBC further contended that no Clerk V positions were available or vacant so promotion was impossible.

The defendant CCBC found, as did the trial court, the chief division clerks who were transferred were only *temporarily* assigned the unit manager duties and, "did not vacate their positions, as defined by Administrative Rule 7, and maintained their court clerk V classification." The trial court further found that under the statewide personnel system, associate division clerks are classified as Clerk III. In St. Louis County, prior to the December 1985 reorganization, the associate division clerks were classed as "V's." When the incumbent Clerk V's vacated their positions, the replacement could come in as a "III." Apparently, this scheme is a conscious effort by the CCBC to reduce the responsibilities and the pay of the chief division clerks. So that no Clerk V employed at the time of reorganization would take a pay cut, the position was given a "restricted" category to keep the salary in place. When a new person took over as clerk, they would be a "III," like those in commensurate positions statewide.

Without going into the plan's details, the Clerk V classification was being phased out for chief division clerks. The incumbents still in those jobs with the "V" classification in St. Louis County would not be reclassified downward. When those persons were temporarily transferred to assist the central clerk's office in reorganization, a vacancy in a Clerk V position did not occur. What the judges of these plaintiffs here sought to do was promote them to the Chief Clerk spot and have them be classified and paid at the higher Clerk V level.

The trial court correctly concluded Administrative Rule 7, as interpreted by the defendant, did not allow this type of promotion when there was no vacancy. Rule 7 in this case disallows a promotion or reclassification where there were no vacant positions available. The plaintiffs did not occupy Clerk V positions prior to the reorganization. The CCBC, in administering Rule 7, found that plaintiffs were not entitled to the Court Clerk V job classification. This court will defer to the CCBC's judgment and its interpretation of Administrative Rule 7.

The CCBC's interpretation of the Rule it administers is to be given great deference.

**6**

*Foremost–McKesson, Inc. v. Davis,* 488 S.W.2d 193, 197 (Mo. banc 1972). The courts are, nevertheless, charged with analyzing the rule, *Commerce Bank of Kansas City, N.A. v. Missouri Division of Finance,* 762 S.W.2d 431, 436 (Mo.App.1988). A review of Administrative Rule 7 reveals the CCBC's decision not to grant Clerk V status and pay to the three appellants was correct.

One of the points on appeal relates to statements in the findings and conclusions implying the judge felt there may have been a lack of subject matter jurisdiction but that he went ahead and ruled on the matter. The respondent has tacitly admitted the appellants could seek judicial redress. The court holds the plaintiffs as court clerks had the right to appeal the CCBC's ruling adverse to them.

The appellants also criticized the trial court's conclusion that it made no difference whether the judges had the authority to appoint the plaintiffs to Class V. In deciding the case, this court does not need to reach that point. There were no vacancies to fill, and any new chief clerk was clearly to come in as a Clerk III.

Even though the individual judges have the power to appoint and designate a chief division clerk, under § 483.240.2, the circuit in question adopted a plan to reorganize. Supreme Court Rule 7, *supra,* authorizes the circuit's action, and the CCBC endorsed it as part of a statewide plan. Under § 483.245 *supra,* the employees here involved are paid through the state pursuant to a state plan. There were no vacancies to fill. In any event, in accordance with the plan all people in this position are to be Clerk III's except those who were in that position at a V classification at the time of reorganization.

The judgment is affirmed.