NO. 07-04-0089-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 18, 2005

_____

MIGUEL HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3477; HONORABLE MARVIN MARSHALL, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea agreement, appellant Miguel Hernandez was convicted of aggravated assault, and punishment was assessed at five years confinement and a $1,000 fine. The confinement was suspended in favor of five years of community supervision. After a hearing on the State's motion to revoke, the trial court revoked appellant's

community supervision and assessed the original punishment. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

The State filed a motion to revoke appellant's community supervision in July 2002. Appellant pled true to the violations alleged, and the court chose to continue his community supervision, sentencing him to 120 days in county jail, and requiring him to attend anger management within thirty days of his release. The State filed a second motion to revoke appellant's community supervision in January 2003. Appellant pled true to the violations

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

alleged, and the court again opted to continue his community supervision, ordering him to complete an anger management program, and prohibiting any contact with females until the completion of such program.

In July 2003, the State filed a third motion to revoke appellant's community supervision claiming he failed to attend anger management classes as directed and that he made obscene remarks to an eleven-year-old female during a phone call on June 24, 2003. At the revocation hearing, appellant pled not true to the allegations, and, after hearing testimony, the court concluded he had violated the terms of his probation. The court immediately revoked the order of community supervision, and imposed the original sentence of five years confinement. Appellant subsequently filed a notice of appeal.

By his *Anders* brief, counsel does not advance any arguable grounds for appeal. Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One sufficient ground for revocation will support the trial court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980). Here, counsel concedes to the "largely equivocal nature" of the evidence regarding whether appellant obtained permission to miss the court-ordered anger management sessions. Counsel also admits appellant's accuser was

3

impeached due to inconsistencies in her testimony and her statement to police. However, as counsel recognizes, the trial judge was the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. Mattias v. State, 731 S.W.2d 936, 940 (Tex.Cr.App. 1987). Based on the evidence presented, we do not find the court's conclusion that appellant committed the alleged violations to be an abuse of discretion.

In his brief, counsel acknowledges that trial counsel did not object to testimony that appellant molested children and beat his ex-wife. Furthermore, the record reflects trial counsel may have elicited some evidence that would be considered harmful to appellant's case. On the other hand, trial counsel challenged the State's case by vigorously cross-examining witnesses and advancing the theory that the harassment allegation stemmed from a long-standing family feud. Absent evidence regarding counsel's trial strategy and provided the presumption that trial counsel's conduct falls within the wide range of reasonable and professional representation, no reversible error is demonstrated. *See* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986); *see also* Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).

We have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d

4

503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Per Curiam

Do not publish.